**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SCOTT A. LANTZY,

                Plaintiff,              Case Number: 2:16-CV-12871
                                         HONORABLE NANCY G. EDMUNDS

v.

CORIZON MEDICAL SERVICES, ET
AL.,

                Defendant.

_____/

## <u>OPINION AND ORDER DISMISSING COMPLAINT</u>

This is a *pro se* prisoner civil rights case. Michigan state prisoner Scott A. Lantzy is incarcerated at the Carson City Correctional Facility in Michigan. He asserts claims under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that he suffers from several food-related allergies, but has not been provided with allergy-free meals. The complaint fails to state a claim upon which relief may be granted and will be summarily dismissed.

I.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* quoting *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* quoting *Twombly*, 550 U.S. at 557.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972).

II.

Plaintiff claims that he is not receiving allergen-free foods at his present place of incarceration, Carson City Correctional Facility. He names two defendants, Corizon Medical Services and Sherman Campbell, who is the warden of Carson City Correctional Facility. Plaintiff's allegations against these defendants are based upon their supervisory authority.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982); *see also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) ("[A]

3

supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks omitted).

He fails to allege that defendants had any direct involvement in the meals Plaintiff is served or that defendants engaged in any "'active unconstitutional behavior'" rather than a "'mere failure to act.'" *Shehee*, 199 F.3d at 200, quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).  He does not allege that defendants were even aware of any misconduct by any employee, but, even if he did, "simple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003).

In sum, Plaintiff does not allege that defendants Corizon Medical Services or Campbell were actively involved in any of the alleged wrongdoing.  The Court, therefore, finds that Plaintiff's claims are insufficient to state a claim for relief against either defendant.

### III.

For the reasons set forth above, the Court concludes that Plaintiff's complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted.

4

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is dismissed.


s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2016